# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 17-291 |
| | ) | Civil No. 19-142 |
| | ) | Judge Nora Barry Fischer |
| ISAIAH PRIDGEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.  INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Isaiah Pridgen, ("Defendant"), (Docket Nos. 61), his Judicial Notice/Brief in Support, (Docket No. 65), the Government's Response, (Docket No. 71), Defendant's Objections/Reply Brief, (Docket No. 73), and the Government's Sur-Reply, (Docket No. 75).  Defendant maintains that his counsel was ineffective by not filing a notice of appeal on his behalf and that he is entitled to an order reinstating his appeal rights pursuant to *Garza v. Idaho*, 139 S. Ct. 738 (2019).  (Docket Nos. 61; 65). He further complains that his sentence should have been lower because his counsel should have argued for dismissal of the § 924(c) charge to which he pled guilty and argued for a probationary sentence; for a reduced sentence in light of *Dean v. Thomas*, 137 S. Ct. 1170 (2017); and for a shorter term of supervised release.  (*Id.*).  The Government counters that Defendant's arguments are without merit as he knowingly and voluntarily pled guilty to the two-count indictment and was sentenced to 63 months' incarceration and 5 years' supervised release pursuant to a Rule 11(c)(1)(C) plea agreement with the Government containing an appellate waiver.  (Docket Nos.

1

71; 75). The Government further argues that Defendant has failed to sufficiently allege that his counsel was ineffective for not filing a notice of appeal and has not presented any evidence substantiating such a claim. (*Id.*). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [61] is denied.

II. BACKGROUND

On June 4, 2018, Defendant pled guilty to Counts 1 and 2 of the Indictment at Criminal Number 17-291, i.e., one count of possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docket Nos. 39; 41; 69). As is the Court's practice, it conducted an extensive colloquy with Defendant to confirm that he was competent, understood the Constitutional and other rights that he was waiving by entering guilty pleas, and that he was knowingly and voluntarily pleading guilty. (Docket No. 69). He expressly agreed to the prosecution's summary of his offense conduct, i.e., on November 19, 2016 he was a passenger in a car pulled over by police in McKeesport, fled on foot after pushing an officer away, reached for a .45 caliber firearm from his waistband which he discarded during the chase, and after being apprehended, was in possession of 100 stamp bags of heroin marked "Shooter." (*Id.* at 39-42). He also admitted that he knowingly possessed the firearm to protect himself and the heroin he possessed with intent to distribute. (*Id.* at 41-42).

During the colloquy, the Court addressed the terms of the plea agreement directly with Defendant, who assented, under oath, that he executed the plea agreement and agreed to all of the following:

- He would plead guilty to Counts 1 and 2;

- He waived his right to appeal except for the limited circumstances noted in the plea agreement;

- the amount of heroin attributable to him resulting from his commission of the drug offense was less than 10 grams;

- the potential penalties included: a term of imprisonment of not more than 20 years and a term of supervised release of at least three years at Count 1; and, a mandatory consecutive term of imprisonment of not less than 5 years and up to life and a term of supervised release of 5 years at Count 2; and,

- the parties "stipulate and agree that the appropriate sentence in this case is a term of imprisonment of 3 months at Count One and 60 months at Count Two, to run consecutively, for a total term of imprisonment of 63 months; a fine, if any, in an amount to be determined by the Court; a term of supervised release of five (5) years; and a special assessment of $200."

(Docket No. 69 at 27-30; *see also Plea Letter dated 5/9/18* at §§ A.1; A.8; C.1; C.2; C.3). Defendant twice asserted under oath that he was satisfied with the advice and representation of his counsel. (Docket No. 69 at 10, 45). Defendant assured the Court that he still desired to plead guilty, entered guilty pleas to Counts 1 and 2, which the Court accepted after commenting that Defendant knew and understood his trial rights and what he was waiving; the potential penalties in his case; and that he was voluntarily pleading guilty. (*Id*. at 46).

At the sentencing hearing on November 2, 2018, no objections were lodged to the Presentence Investigation Report or the Court's Tentative Findings and Rulings and both parties advocated that the Court should accept their Rule 11(c)(1)(C) plea agreement, with defense counsel making arguments consistent with the Sentencing Memorandum filed on Defendant's behalf. (*See* Docket No. 70). Defendant briefly allocuted during which he apologized to his family and children and thanked the Court for its leniency and the second chance to better himself as a man and father. (*Id*. at 18). After careful consideration of the § 3553(a) factors, and for reasons detailed on the record, the Court held that Defendant knowingly and voluntarily pled guilty to Counts 1 and 2; accepted the parties' plea agreement; and imposed their agreed-upon

sentence of 63 months' incarceration; 5 years' supervised release; and a $200 special assessment. (*Id*. at 26-41). A fine was waived given Defendant's inability to pay. (*Id*.). The Court also ordered that Defendant forfeit any interest in the .45 caliber firearm used in the commission of the offenses. (*Id*.). The Court found that the sentence was sufficient, but not greater than necessary to meet all of the goals of sentencing in Defendant's case and provided further factual support for the sentence with reference to the relevant § 3553(a) factors. (*Id*. at 41). Finally, the Court informed Defendant of his appeal rights, as follows:

> Mr. Pridgen, let me tell you about appeal rights. You can appeal your conviction if you believe your guilty plea was somehow unlawful or involuntary or if there's some other fundamental defect in the proceedings that you didn't waive by your guilty plea. But you have waived some or all of your rights to appeal this sentence itself. Generally, those waivers are enforceable in our courts. Once again, if you believe that that's not the case, you can try to present that to our appellate courts and Mr. Lenhardt and his team will respond.
>
> You also have the right to apply for leave to appeal in forma pauperis, meaning you don't have enough money. The Clerk of our court prepares your notice of appeal, doesn't charge you for it; and to that end, any notice of appeal has to be done in 14 days. So to that end, today's the second, it would be by the 16th.

(Docket No. 70 at 44-45). Defendant was expressly told by the Court that he must file a notice of appeal within 14 days of sentencing or by November 16, 2018. (*Id*.).

Defendant did not appeal his convictions or sentence to the Court of Appeals. (*See generally* Docket Report 17-291). The Court received Defendant's § 2255 Motion on February 8, 2019. (Docket No. 61). The Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and he elected to file an amendment or supplement to his § 2255 motion, which he did on June 11, 2019, several weeks prior to the deadline established by the Court. (Docket Nos. 62-65). The transcripts of the change-of-plea and sentencing

4

proceedings were filed of record on July 16, 2019 and July 23, 2019, respectively. (Docket Nos. 69-70). The Government countered with its Response on August 9, 2019. (Docket No. 71). At the direction of the Court, Defendant filed his Objections/Reply on September 6, 2019. (Docket No. 73). The Government submitted its Sur-Reply Brief on September 20, 2019. (Docket No. 75). No further briefing has been requested and the Court considers the matter to be fully briefed and ripe for disposition.

III. LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted). "A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements," *United States v. Seeley*, 574 F. App'x. 75, 78 (3d Cir. 2014), which were initially set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 688, 694); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000)

5

(citing *Strickland*, 466 U.S. at 688, 694) (same). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV. DISCUSSION

Broadly construed, Defendant seeks relief under § 2255 based upon alleged ineffective assistance of his counsel at sentencing by failing to make certain arguments seeking a lesser

6

sentence and for not filing a notice of appeal on his behalf. (Docket Nos. 61; 65; 73). He seeks an order vacating his sentence and/or an order reinstating his appeal rights so that he can make his case for a lesser sentence directly to the Court of Appeals. (*Id.*). The Government advocates that Defendant's motion should be denied without a hearing because he was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement and has not sufficiently pled or proven that his counsel was ineffective for not filing a notice of appeal. (Docket Nos. 71; 75). Having considered the parties' positions in light of the evidence of record including the parties' plea agreement and the transcripts of the change-of-plea and sentencing proceedings, the Court agrees with the Government that Defendant's motion must be denied without a hearing. *See Lilly*, 536 F.3d at 195.

With respect to the Defendant's challenges to the effectiveness of defense counsel at the sentencing hearing, he has not demonstrated that he was prejudiced by any of the alleged errors he attributes to his counsel. *See id.* To this end, Defendant complains that his counsel did not seek to have the § 924(c) charge dismissed and then advocate for a probationary sentence or a term of supervised release of three years and also asserts that his counsel should have argued for a shorter sentence under the *Dean* case. (Docket Nos. 61; 65). "As a general rule, only a limited set of grounds are available for a defendant to challenge a conviction or sentence based on a guilty plea" and if the plea was counseled and voluntary, a collateral attack is typically foreclosed. *United States v. Peppers*, 899 F.3d 211, 225-26 (3d Cir. 2018) (citing *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed. 2d 927 (1989)). The Court of Appeals has held that when a guilty plea is entered pursuant to a Rule 11(c)(1)(C) plea agreement, it may be set aside if the parties stipulated to an unlawful sentence, and a defendant may rely upon a new rule of constitutional law to demonstrate that his sentence is unlawful. *Id.* at 225-26. However,

7

the record reveals that none of those exceptions are present in the instant matter.

As the Court found at the sentencing hearing, Defendant knowingly and voluntarily pled guilty to Counts 1 and 2 pursuant to a Rule 11(c)(1)(C) plea agreement his counsel negotiated with the Government. (Docket Nos. 69 at 27-30; 70 at 27). The Court accepted the parties' plea agreement and imposed the agreed-upon sentence of 63-months incarceration and 5 years' supervised release. (*Id.*). Defendant does not claim that the sentence is unlawful and the terms of incarceration and supervised release which were imposed are within the statutory minimum and maximum penalties at each of the counts of conviction. *See* 21 U.S.C. § 841(b)(1)(C) (maximum penalty of 20 years' incarceration and minimum term of 3 years' supervised release and up to a life term); *see also* 18 U.S.C. § 924(c)(1)(A)(i) (mandatory minimum penalty of 5 years' incarceration and up to a life term which must be served consecutively to any other sentence of incarceration and a minimum term of 5 years' supervised release and up to a life term). Since Defendant received the specific sentence he and his counsel bargained for with the Government, and the record does not support a finding that the pleas were entered unknowingly or involuntarily or that the sentence imposed was unlawful, he cannot prevail on his § 2255 motion seeking a lesser sentence. *See e.g., United States v. Brinson*, Crim. No. 15-87, 2016 WL 7035061, at *2 (W.D. Pa. Dec. 2, 2016) (denying motion to vacate as Defendant knowingly and voluntarily pled guilty to 120 months' incarceration pursuant to Rule 11(c)(1)(C) agreement which was also the mandatory minimum penalty for the offense); *United States v. Fielder*, Crim. No. 13-125, 2018 WL 6680564 (W.D. Pa. Dec. 19, 2018) (denying motion to vacate sentence as defendant pled guilty to Rule 11(c)(1)(C) plea agreement and was sentenced to 168 months' incarceration according to its terms).

Further, the *Dean* case cited by Defendant stands for the proposition that the Court may

consider the impact of a mandatory, consecutive penalty for a § 924(c) conviction when it evaluates the § 3553(a) factors and imposes a sentence as to any other counts. *See Dean*, 137 S. Ct. at 1176-77. Stated another way, under *Dean*, the Court may grant a variance and impose a sentence below the advisory guidelines range for a § 841 drug conviction because the defendant must serve a mandatory, consecutive sentence for the § 924(c) conviction. *Id.* Since the parties' resolved this case by a Rule 11(c)(1)(C) plea agreement, the *Dean* case was not at issue during Defendant's sentencing. (*See* Docket No. 70). However, the parties' stipulated sentence of 63 months' incarceration included a term of 3 months' incarceration for the § 841 drug conviction at Count 1 which represented a variance below the advisory guidelines range of 10-16 months' incarceration for that count, along with the 60-month mandatory, consecutive penalty for Count 2. *See Plea Letter dated 5/9/18* at ¶ C.3. Thus, Defendant was not prejudiced by defense counsel failing to raise and argue the import of *Dean* at the sentencing hearing, as the parties apparently accounted for that decision in their plea bargaining. *See Strickland*, 466 U.S. at 697. Therefore, Defendants' motion must be denied to the extent that he claims his counsel was ineffective at the sentencing hearing.

Defendant next claims that his counsel was ineffective under *Garza v. Idaho*, 139 S. Ct. 738 (2019), because he did not file a notice of appeal on his behalf. (Docket Nos. 61; 65; 73). In *Garza*, the Supreme Court recognized that the "accused has the ultimate authority to decide whether to take an appeal" and that the filing of a notice of appeal "is a purely ministerial task that imposes no great burden on counsel." *Garza,* 139 S. Ct at 745 (internal quotations omitted). The Supreme Court further held that when "a defendant has <u>expressly requested an appeal</u>, counsel performs deficiently by disregarding the defendant's instructions" and is prejudiced by the loss of the appeal proceeding regardless of the presence of an appellate waiver in a plea

9

agreement.  *Garza*, 139 S. Ct. at 747 (emphasis added).  The Court of Appeals has noted that:

> petitioners alleging ineffective assistance of counsel resulting in a deprivation of process need not show that the decision to undergo the process would have resulted in a more favorable outcome. Instead, they need only demonstrate a reasonable probability that, but for counsel's error(s), they would have made the decision— that is, chosen to exercise the right or take advantage of the opportunity of which they were deprived.

*Velazquez v. Superintendent Fayette SCI*, 937 F.3d 151, 163 (3d Cir. 2019).  Following *Garza*, Courts have found that an appropriate remedy for a successful petitioner demonstrating that his counsel was ineffective for not filing a notice of appeal is to reenter the criminal judgment so that his appeal rights are reinstated.  *See e.g., Rojas-Medina v. United States*, 924 F.3d 9 (1st Cir. 2019) ("we reverse the judgment of the district court and remand with instructions to vacate the judgment in the underlying criminal case and reenter it so that the petitioner may enjoy a fair opportunity to file a timely notice of appeal.").

As the Government points out, Defendant has not alleged in any of this filings, (i.e., his Motion, Judicial Notice/Brief in Support or Objections/Reply), that he asked his counsel to file a notice of appeal on his behalf or told his counsel anything concerning a potential appeal of the judgment which imposed the parties' agreed-upon sentence of 63 months' incarceration and 5 years' supervised release.  (*See* Docket Nos. 61; 65; 73).  Defendant merely cites to *Garza* and asserts that he is entitled to have his appeal rights reinstated because his counsel did not file an appeal.  (*See id.*).  A review of the record before the Court also demonstrates that there is no evidence that Defendant expressed any interest in appealing the judgment and sentence during court proceedings.  In this regard, the evidence includes the following:

- Defendant signed the plea agreement containing the appellate waiver, *see Plea Letter dated 5/9/18*;

- Defendant admitted at the change-of-plea hearing that he

consulted with his lawyer regarding his appeal rights and the appellate waiver in his plea agreement and that he understood his appeal rights, what he was waiving under the terms of his plea agreement and that his appeal rights were limited, (Docket No. 69 at 27-28);

- Defendant twice asserted that he was satisfied with the representation of his counsel during the change-of-plea proceeding, (Docket No. 69 at 9, 45);

- In his statement of allocution, Defendant apologized to his family and children for his behavior and thanked the Court "for a little leniency since it helped me to have a second chance to better myself as a man and as a father." (Docket No. 70 at 18). He did not express any concern about the agreed-upon sentence or his counsel's performance, *id.*;

- The Court advised Defendant at the sentencing hearing that it was accepting the parties' plea agreement and imposed the stipulated sentence, (Docket No. 70 at 26-40);

- Defendant was told by the Court at the sentencing hearing that he had a right to appeal in forma pauperis, any notice of appeal must be filed within 14 days or by November 16, 2018 and that the Clerk of Court could enter a notice of appeal if he requested. The Court also stated that he had waived some of his rights to appeal by pleading guilty and that the waivers were generally enforceable but that he could challenge the waivers in the appellate courts by filing a notice of appeal, (Docket No. 70 at 44).

Since the record lacks any allegations or evidence that Defendant asked his counsel to file an appeal on his behalf prior to the expiration of the deadline for filing an appeal, the Court concludes that he has failed to establish that his counsel was constitutionally deficient under *Garza* and there is no basis to reinstate his appeal rights.[1]  See *Garza*, 139 S. Ct. at 747.

---

[1] The Court notes that the Supreme Court has rejected a bright-line rule that counsel must always consult with the defendant regarding an appeal. See *Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000) ("We cannot say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient."). Rather, an attorney has a duty to consult with his client about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal ... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In this Court's estimation, Defendant has not alleged any facts stating a claim under this theory and the record recited above lacks any evidence to support such a claim.

Overall, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid convictions and sentence under § 2255. *See Travillion*, 759 F.3d at 288. Accordingly, his Motion is denied.

V. CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: October 25, 2019

cc/ecf: All counsel of record
       Isaiah Pridgen (USMS # 38719068)
       FCI Allenwood
       P.O. Box 2000
       White Deer, PA 17887